**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:20-cv-24911**

MSP RECOVERY CLAIMS, SERIES LLC,
MSPA CLAIMS 1, LLC, and MSP
RECOVERY CLAIMS SERIES 44, LLC,

    Plaintiffs,

v.

AUTO CLUB INSURANCE COMPANY OF
FLORIDA and AUTO CLUB SOUTH
INSURANCE COMPANY,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
**AND SUPPORTING MEMORANDUM OF LAW**

Defendants, Auto Club Insurance Company of Florida ("Auto Club Florida") and Auto Club South Insurance Company ("Auto Club South," and collectively, "Defendants"), by and through undersigned counsel, hereby move for judgment on the pleadings as to this action brought by Plaintiffs, MSP Recovery Claims, Series LLC, MSP Claims 1, LLC, and MSP Recovery Claims 44, LLC (collectively "MSP"), seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act"). As MSP's Second Amended Complaint [ECF No. 100] clearly establishes, Plaintiffs' exemplar claims are barred by the statute of limitations and thus MSP has no standing to proceed.

**INTRODUCTION AND BACKGROUND**

1. MSP sets forth six (6) examples of their assignors' MSP claims (the "Exemplars")[1], alleging that each involves an enrollee in a Medicare Advantage Program ("MAO") with either Auto Club Florida or Auto Club South, who had an auto accident wherein the MAO made conditional payments and Auto Club Florida or Auto Club South failed to pay and/or reimburse the MAO's conditional payments.

2. MSP's standing to bring this action is premised on its Exemplars.

3. However, the allegations of the Second Amended Complaint[2], which identify the precise dates of the purported unreimbursed conditional claims, make clear that each of the Exemplars is time-barred, and thus MSP has no standing to proceed. Therefore, Defendants are entitled to judgment on the pleadings.

**MSP ACT CLAIMS HAVE A 4-YEAR STATUTE OF LIMITATIONS**

4. The Eleventh Circuit in *MSPA Claims 1, LLC v. Tower Hill Prime Insurance Co.*, 43 F.4th 1259 (11th Cir. August 10, 2022) definitively held that the "catch all" four-year limitations

---

[1] The procedural posture of this case reveals multiple amendments to the complaint as Plaintiffs belatedly sorted out the proper parties and proper claims. That is, Plaintiffs' original complaint was filed on December 12, 2020 [ECF No. 1]. Auto Club Florida and Auto Club Group each moved to dismiss the complaint [ECF No. 23, 26], Auto Club Insurance Association moved to dismiss for *forum non conveniens* [ECF No. 27] and Auto Club Group Insurance Company moved to dismiss for lack of personal jurisdiction [ECF No. 28]. Plaintiffs dismissed Auto Club Group on April 14, 2021, and on June 9, 2021, filed an Amended Class Action Complaint [ECF No. 61] adding Auto Club South as a defendant. On July 9, 2021, this Court severed and transferred claims to the U.S. District Court for the Eastern District of Michigan [ECF No. 73], and thereafter entered an Order (Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint) [ECF No. 98] addressing the eleven (11) alleged exemplars. This Court held that five (5) of those exemplars would "not be considered to establish standing or to determine whether Plaintiffs adequately allege their claims" because those exemplars were pled with insufficient allegations [ECF No. 98, p. 6]. Plaintiff's Second Amended Complaint [ECF No. 100] followed, asserting six (6) exemplars.

[2] Pursuant to this Court's Third Amended Scheduling Order [ECF 132], the deadline for amending the complaint has passed.

period contained in 28 U.S.C. § 1658(a) is the statute of limitations applicable to a claim such as those asserted here for reimbursement of medical expenses filed by an MAO's assignee under the private cause of action of the MSP Act.

5. *Tower Hill* instructs:

> Section 1658 provides that "[e]xcept as otherwise provided by law, a civil action arising under an act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues. … Medicare Part C – which created MAOs and granted them a statutory right to seek reimbursable fees, thereby empowering them to sue under the private cause of action – wasn't enacted until 1997. … Accordingly, because [plaintiff's] cause of action was made possible by Medicare Part C – a post-1990 enactment - § 1658(a) provides the limitations period.

*Tower Hill*, 43 F.4th at 1264, citing *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 375 (2004).

6. The *Tower Hill* court further found that as to accrual of the cause of action, Section 1658(a) embodies the "occurrence rule," and that since the plaintiff became entitled to reimbursement through the MSP Act when it paid the claims, that is when the cause of action accrued. *Id*. at 1267. There, the MAO conditionally paid the medical bills and became entitled to reimbursement under the MSP Act in 2012, and thus its suit filed in 2018 was not timely filed, and as such, summary judgment was properly entered in favor of the defendant. *Id. See also MSPA Claims I, LLC v. Liberty Mut. Fire Ins. Co.*, 2023 WL 5675123 (S.D. Fla. August 16, 2023) (the statute of limitations for plaintiffs' claims is four years from the date plaintiffs' assignor made conditional payments for medical care).

## MEMORANDUM OF LAW

### JUDGMENT ON THE PLEADINGS IS APPROPRIATE

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." *Centennial Bank v. M/Y Karacol*, 2022 WL 393365 (S.D. Fla.

February 9, 2022) citing Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). Courts in this Circuit have consistently granted judgment on the pleadings when it can be affirmatively established from the pleadings that the plaintiff's claim is time-barred. "[A] dismissal based on the statute of limitations is appropriate at the ... motion-for-judgment-on-the-pleadings stage when it is apparent from the face of the complaint that the claim is time-barred." *Staley v. Sexual Offender Registration Revew Bd.*, 22-11813, 2023 WL 1797018, at *3 (11th Cir. Feb. 7, 2023) (affirming a motion for judgment on the pleadings based on statute of limitation grounds); "Rule 12(c) provides a means of disposing of cases when ... a judgment on the merits can be achieved by focusing on the content of competing pleadings." *Alibris v. ADT LLC*, 9:14-CV-81616, 2015 WL 5084231, at *4 (S.D. Fla. Aug. 28, 2015) (granting defendant's motion for judgment on the pleadings by finding that plaintiff's claims were time-barred by the applicable statute of limitations and therefore holding that plaintiff may not assert these claims on behalf of a class). "[A] class representative whose claim is time-barred cannot assert the claim on behalf of the class." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) (citing *Carter v. W. Pub. Co.*, 225 F.3d 1258, 1267 (11th Cir. 2000)).

## THE FACE OF THE AMENDED COMPLAINT ESTABLISHES THAT THE EXEMPLARS ARE ALL TIME-BARRED

**It is apparent from the face of MSP's Second Amended Complaint that as to all six (6) of the Exemplars, the alleged unreimbursed charges occurred more than four (4) years before the initial complaint's filing on December 1, 2020 (ECF No. 1).** The Second Amended Complaint describes the Exemplars and the date of unreimbursed charges, as follows:

|    | Insured's Initials | Date of Unreimbursed Charge | Second Amended Complaint paragraph reference |
|----|---------|------------------------------------|---------|
| 1. | SO      | April 27, 2015                     | ¶ 74, 78 |
| 2. | SD      | April 7, 2015- December 13, 2015   | ¶ 85, 90 |
| 3. | KS      | December 12, 2012- March 13, 2013  | ¶97     |
| 4. | LR      | January 14, 2015- March 27, 2015   | ¶108    |
| 5. | MM      | March 1-14, 2016                   | ¶ 118   |
| 6. | PA      | December 9, 2013- May 12, 2014     | ¶ 128   |

### IN THE ABSENCE OF TIMELY EXEMPLARS, MSP HAS NO ARTICLE III STANDING

The unreimbursed charges for each of the Exemplars occurred more than four (4) years before the original complaint was filed, December 1, 2020, and thus each of the Exemplars is barred by the statute of limitations. As a result, no claims remain in this case; MSP lacks Article III standing to proceed. As standing is a threshold determinant, a plaintiff must "clearly … allege facts demonstrating standing." Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint and to Strike Class Allegations (ECF No. 98, J. Gayles, p. 8) citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Plaintiffs' standing is limited to the Exemplars. *Id.* The court does not consider [exhibits to the Second Amended Complaint] to demonstrate standing. *Id*. at 9.

WHEREFORE, as the face of the Second Amended Complaint unequivocally reveals that MSP's Exemplars are time-barred, it has no Article III standing to proceed, and Defendants seek judgment on the pleadings, and such other and further relief and this Court deems just and proper.

DATE: November 15, 2024

/s/ Traci H. Rollins
TRACI H. ROLLINS, ESQ.
Florida Bar No. 769071
trollins@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 650-0510
Facsimile: (561) 655-5677

FRANK A. FLORIO, ESQ.
Florida Bar No. 1010461
fflorio@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722

*Counsel for Defendants, Auto Club Insurance Company of Florida and Auto Club South Insurance Company*

ACTIVE:16750910.4