UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-24911-GAYLES/TORRES

**MSP RECOVERY CLAIMS, SERIES LLC,
MSPA CLAIMS 1, LLC, and MSP RECOVERY
CLAIMS SERIES 44, LLC,**

    **Plaintiffs,**

v.

**AUTO CLUB INSURANCE COMPANY
OF FLORIDA and AUTO CLUB SOUTH
INSURANCE COMPANY,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Reconsideration (the "Motion") [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## BACKGROUND

Plaintiffs MSP Recovery Claims, Series LLC ("MSPRC"), MSPA Claims 1, LLC ("MSPAC"), and MSP Recovery Claims Series 44, LLC ("Series 44") (collectively "Plaintiffs") brought this putative class action against Defendants Auto Club Insurance Company of Florida ("Auto Club Florida") and Auto Club South Insurance Company ("Auto Club South") (collectively "Defendants") seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act").[1]

---

[1] The Amended Complaint also alleged claims against Defendants Auto Club Insurance Company and Auto Club Group Insurance Company (the "Severed Defendants"). On July 9, 2021, in accordance with the Parties' joint motion, the Court severed the claims against the Severed Defendants and transferred those claims to the United States District Court for the Eastern District of Michigan. [ECF No. 73]. As a result, the only remaining claims in the Amended Complaint were Count I against Auto Club Florida and Count IV against Auto Club South.

1

After the Court granted Defendants' Motion to Dismiss Plaintiffs' Amended Complaint in part (the "Dismissal Order"), [ECF No. 98], the Eleventh Circuit issued its opinion in *MSP Recovery Claims, Series LLC v. Metropolitan General*, holding that the allegations in the complaint in that action, in conjunction with an exhibit nearly identical to exhibits in this case, were sufficient to plausibly allege a claim under the MSP Act. 40 F.4th 1295, 1304-05 (11th Cir. 2022) (*Metropolitan I)*. As a result, this Court's refusal to consider Exhibits B & C to the Amended Complaint to determine whether Plaintiffs stated a claim was contrary to law. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011) (noting that "a change in controlling law is one of the core reasons for filing and granting a motion for reconsideration"). Indeed, with respect to alleging demonstrated responsibility, the allegations in the Amended Complaint are indistinguishable from the allegations found sufficient in *Metropolitan I*.

Defendants' reliance on *MSP Recovery Claims, Series LLC v. Metropolitan General*, No. 20-24052, 2023 WL 168758 (S.D. Fla. Jan 12, 2023) (*Metropolitan II*) is misplaced. In *Metropolitan II*, the court found that the plaintiffs failed to allege an injury-in-fact and therefore did not have standing. Notably, the plaintiffs in *Metropolitan II* relied exclusively on the spreadsheets attached as exhibits to the complaint and did not allege specific exemplars. Here, the Court found that Plaintiffs adequately alleged the requisite injury-in-fact via the 6 exemplars—without reference to Exhibits B & C. Moreover, district court opinions are not binding on this Court. Accordingly, the Court vacates that part of its Dismissal Order refusing to consider Exhibits B & C with respect to Plaintiffs' claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration, [ECF No. 11], is **GRANTED**.
2. On or before February 11, 2026, Plaintiff shall file a Second Amended Complaint that conforms with the Court's rulings.

3. Defendants' Motion for Judgment on the Pleadings, [ECF No. ], is **DENIED** as **MOOT**.

4. The parties shall file a joint proposed scheduling order on or before February 11, 2026.

5. Defendants' Verified Motion for Anti-Suit Injunction, [ECF No. 118], is **DENIED** as **MOOT** based on Defendants' representations at the telephonic status conference on January 28, 2026.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of January, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE